**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | Criminal Action No. 21-cr-00237-LKG-1 |
| ROBERT D. MILLER, | ) ) | Dated: October 3, 2025 |
| Defendant *pro se*. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER ON**
**DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.     INTRODUCTION**

The Defendant *pro se*, Robert D. Miller, has moved to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. ECF No. 133. This motion is fully briefed. ECF Nos. 133 and 142. No hearing is necessary to resolve this motion. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court **DENIES** the Defendant's motion (ECF No. 133).

**II.     BACKGROUND AND PROCEDURAL HISTORY**

The Defendant *pro se*, Robert D. Miller, is currently serving a 132-month sentence, after having been convicted of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1349 and 1341 and giving bribes to a public official, in violation of 18 U.S.C. § 201(b)(1). ECF No. 85 (Judgment).

On June 23, 2021, the Defendant was charged in an eight-count criminal Indictment with, among other things, conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846 (Count 1), conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1349 and 1341 (Count 2) and giving bribes to a public official, in violation of 18 U.S.C. § 201(b)(1) (Count 5). ECF No. 83 at ¶ 1 (Presentence Investigation Report ("PSR")); *see also* ECF No. 1 (Indictment). The charged offenses occurred between in or about August 2019 and in or about February 2020, in the District of Maryland and elsewhere. *Id*.

On February 1, 2022, the Defendant pled guilty to Counts 1, 2 and 5 of the Indictment. ECF No. 53. Pursuant to a written Plea Agreement and Rule 11(c)(1)(C), the parties agreed that

a sentence of not less than 120 months and not more than 144 months imprisonment in the custody of the Bureau of Prisons was the appropriate disposition of the case. ECF No. 54.

The PSR provides that Counts 1, 2 and 5 are grouped, pursuant to U.S.S.G. § 3D1.2(d). ECF No. 83 at ¶ 35. The PSR also provides that the total offense level for the Defendant's offense is 39 and that the Defendant's criminal history score is one, resulting in a criminal history category of I. *Id*. at ¶¶ 46 and 51. And so, with a total offense level of 39 and a criminal history Category I, the Defendant's Sentencing Guidelines range is 262-327 months' imprisonment. *Id*. at 23.

The Court held a sentencing hearing on May 6, 2022. ECF No. 82. During the sentencing hearing, the Court accepted the parties' stipulation as to the sentence. ECF Nos. 82 and 85. And so, the Court sentenced the Defendant to 132 months of imprisonment each for Counts 1, 2 and 5, to run concurrently. ECF No. 85.

On February 21, 2024, the Defendant filed a *pro se* motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. ECF No. 133.

On March 24, 2025, the Government filed a response in opposition to the Defendant's motion. ECF No. 142.

The Defendant's motion having been fully briefed, the Court resolves the pending motion.

### III.   LEGAL STANDARDS

#### A.   Motions To Reduce Sentence

Generally, once imposed by the Court, a federal sentence must remain "final" and undisturbed. 18 U.S.C. § 3582(b). But Congress has created a narrow exception to this general rule for circumstances where the U.S. Sentencing Commission retroactively amends the applicable guidelines. In this regard, the Court may reduce a sentence after it has been imposed where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). But, the Court may only reduce such a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

In this regard, the United States Court of Appeals for the Fourth Circuit has held that the

2

Court must employ a two-step approach in considering Section 3582(c)(2) motions. "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. Second, the court may grant the authorized reduction after considering the factors set forth in section 3553(a) to the extent that they are applicable." *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016) (internal quotations and citations omitted). And so, "[t]he ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id*. (citations omitted).

Any reduction in sentence must also be consistent with applicable policy statements issued by the Sentencing Commission. Relevant to the pending motion, one such policy statement provides that: "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—(A) none of the amendments listed in subsection (d) is applicable to the defendant; or (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2); *United States v. Dunphy*, 551 F.3d 247, 252 (4th Cir. 2009) ("In providing that sentencing reductions must be consistent with applicable policy statements, § 3582(c)(2) thus creates a jurisdictional bar to reducing sentences below the range authorized by the Commission").

    **B.**    **Amendment 821**

Amendment 821 changed the application of the United States Sentencing Guidelines with respect to certain offenders who either: (a) earned criminal history "status points" based on commission of an offense while serving a criminal justice sentence, or (b) presented zero criminal history points at the time of sentencing. *See* U.S.S.G. amend. 821. Part A of this amendment amends Section 4A1.1 of the Guidelines to strike the two status points previously assessed under Section 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release or escape status. *Id*. at Part A. Part A also adds a new subsection (e) that adds one criminal-history point for any defendant who receives seven or more points and who committed his offense while under any criminal-justice sentence as described above. *Id*.

Part B of Amendment 821 adds a new provision to Chapter Four of the Guidelines, which authorizes a two-offense-level decrease if a defendant has, among other things: (1) zero criminal-history points and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4. *Id.* at Part B. Inmates may bring motions seeking a reduction in sentence based upon these new Guidelines provisions pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Stiep*, No. 3:18-CR-00311, 2024 WL 761897, at *2-3 (W.D.N.C. Feb. 21, 2024).

IV.    **ANALYSIS**

The Defendant has filed a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, upon the grounds that he should receive a two-point reduction in his criminal history score under Amendment 821. ECF No. 133. The Government counters that the Defendant is not entitled to this relief, because the Defendant is not eligible for a sentence reduction under U.S.S.G. § 1B1.10(b)(2)(A) and the Defendant's sentence is consistent with the applicable Section 3553(a) factors. ECF No. 142. And so, the Government requests that the Court deny the Defendant's motion. *Id*.

For the reasons that follow, the Court DENIES the Defendant's motion to reduce sentence.

**A. The Defendant Is Not Eligible For A Sentence Reduction**

As an initial matter, the Defendant has not shown that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based upon Amendment 821. As the PSR makes clear, the Defendant received a two-level adjustment for his leadership role in the offenses at issue, pursuant to U.S.S.G § 3B1.1(c). ECF No. 83 at ¶ 40. Given this, the Defendant may not receive a sentence reduction under U.S.S.G. § 1B1.10(b)(2)(A). *See* U.S.S.G. § 4C1.1(a)(10) (providing that a defendant is not eligible for an adjustment for zero-point offenders if the defendant received an adjustment under U.S.S.G. § 3B1.1 (Aggravating Role)); *United States v. Shaw*, No. 24-6638, 2024 WL 4824237, at *1 (4th Cir. Nov. 19, 2024) (holding that the Defendant Shaw did not meet the criteria listed in § 4C1.1(a), because he had received a leadership role enhancement at his original sentencing). And so, the Defendant has not shown that he is eligible for a sentence reduction under Amendment 821.

The Government also persuasively argues that the applicable Section 3553(a) factors do not support a sentence reduction in this case. The evidence before the Court makes clear that the subject offenses are quite serious and involve the seizure of 18.6 kilograms of

4

methamphetamine; the seizure of 2.6 kilograms of crystal methamphetamine that were shipped by the Defendant from California to Lanham, Maryland; and the recovery of, among other things, 4.1 kilograms, of methamphetamine, a digital scale with residue, approximately $41,000.00 in U.S. currency, a Glock 22 pistol and ammunition and drug paraphernalia from an apartment associated with the Defendant.  ECF No. 1; ECF No. 83 at ¶¶ 6 and 7; ECF No. 142 at 2.  Given this, the Court agrees with the Government that the 132-month sentence imposed is appropriate given the serious nature of the offenses and the need to deter the Defendant from future criminal conduct.  And so, the Court is satisfied that a 132-month sentence is appropriate to address the serious nature of the Defendant's conduct, to protect the public and to deter the Defendant from future criminal activity.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's motion (ECF No. 133).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge